# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LYNNE GOODEN, *et al.*, | : | Case No. 3:18 CV 302 |
| | : | |
| Plaintiff, | : | Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| v. | : | |
| | : | |
| CHRIS BATZ, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**JOINT MOTION OF DEFENDANTS, CHRIS BATZ, BRENT GALLUP, BUTLER TOWNSHIP BOARD OF TRUSTEES, MIKE LANG, KENNETH M. BETZ, JOSEPH E. FLANAGAN, JR., DANIEL ALIG, ANTHONY MILLER, THE CITY OF VANDALIA, ARLENE SETZER, RICHARD HERBST, BOB AHLERS, MIKE BLAKESLY, CANDICE FARST, DAVID M. GERHARD, DAVID LEWIS, AND CHAD FOLLICK, TO STRIKE PLAINTIFFS' AFFIDAVIT OF MERIT (ECF # 27-1)**

Now come the Defendants, Chris Batz, Brent Gallup, Butler Township Board Of Trustees, Mike Lang, Kenneth M. Betz, Joseph E. Flanagan, Jr., Daniel Alig (collectively, "Butler Township Defendants"), Anthony Miller, The City Of Vandalia, Arlene Setzer, Richard Herbst, Bob Ahlers, Mike Blakesly, Candice Farst, David M. Gerhard, David Lewis, and Chad Follick (collectively, "Vandalia Defendants"), by and through undersigned counsel, and hereby jointly move this Honorable Court for an Order striking the Plaintiffs' Affidavit of Merit, (ECF # 27-1). The Court should strike the Affidavit because it was filed without first seeking consent of the parties, without leave, and out-of-time. The instant Motion is supported by the accompanying Memorandum.

                                                               Respectfully submitted,

                                                               /s/ Dawn M. Frick
                                                               Jeffrey C. Turner (0063154)
                                                               Dawn M. Frick (0069068)
                                                               Katherine L. Epling (0091577)
                                                               8163 Old Yankee Street, Suite C
                                                               Dayton, Ohio 45458
                                                               (937) 222-2333, (937) 222-1970 (fax)
                                                              jturner@sdtlawyers.com
                                                              dfrick@sdtlawyers.com

kepling@sdtlawyers.com

*Trial Attorneys for Defendants Chris Batz, Brent Gallup, Butler Township Board of Trustees, Mike Lang, Kenneth M. Betz, Joseph E. Flanagan, Jr. and Daniel Alig*

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Kevin A. Lantz (#0063822)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.:  (937) 222-2333
Fax:  (937) 222-1970
edowd@sdtlawyers.com
klantz@sdtlawyers.com

*Attorneys for Defendants, Anthony Miller, The City of Vandalia; Arlene Setzer, Mayor, City of Vandalia; Richard Herbst, Vice-Mayor, City of Vandalia; Bob Ahlers, Member, Vandalia City Council; Mike Blakesly, Member, Vandalia City Council; Candice Farst, Member, Vandalia City Council; David M. Gerhard, Member, Vandalia City Council; David Lewis, Member, Vandalia City Council; and Chad Follick*

**MEMORANDUM**

I. **INTRODUCTION AND FACTS**

On or about April 9, 2019, Plaintiffs, without leave of Court, filed an Affidavit of Merit. (ECF # 27-1). In their Notice accompanying the filing, (ECF # 27), Plaintiffs argue they actually do not need to file the Affidavit but are doing so "in an abundance of conscientiousness, and in good faith," (*id.*, PageID 529). Conscientious or not, Plaintiffs' claim to "good faith" is questionable inasmuch as they did not consult with other parties as required by this Court's rules, did not seek the Court's leave before filing, and filed the Affidavit too late to be considered. For these reasons, the Court should strike the Affidavit.

II. **LAW AND ARGUMENT**

    A.    Local Civil Rule 7.3(b)

This Court's local rules provide that a party seeking to file a motion for extension of time must solicit the consent of other parties before filing, S.D.Ohio Civ.R. 7.3(a), and mandates the same procedure for certain other motions. "A party filing any other type of motion to which other parties might reasonably be expected to give their consent (such as a motion … for leave to file a document instanter…) shall comply with the procedure set forth in S.D. Ohio Civ. R. 7.3(a) before filing such motion." S.D.Ohio Civ.R. 7.3(b). Plaintiffs made no attempt to comply with Rule 7.3(b) before they filed their Affidavit of Merit. "This rule is vigorously enforced in this Court to attempt to obtain cooperation among counsel in management of cases. … [Striking a motion] for noncompliance with S.D. Ohio Civ. R. 7.3 [is] the Court's standard practice." *Buckhorn, Inc. v. Orbis Corp.*, No. 3:08-CV-459, 2010 WL 4918775, at *1 (S.D. Ohio Nov. 27, 2010). The Court should strike Plaintiffs' Affidavit of Merit.

    B.    Plaintiffs Filed Their Affidavit of Merit Without Leave of Court.

Of course, Plaintiffs did not file a motion; rather, they unilaterally filed a Notice and the Affidavit, without leave of Court and without providing the Butler Township and Vandalia Defendants an opportunity to respond.  Plaintiffs' Notice is an additional response to the Vandalia Defendants' Motion for Judgment on the Pleadings and their Reply in Support.  (ECF # 14, 26).  Plaintiffs' repeat an argument they raised in their Memorandum opposing the Motion for Judgment on the Pleadings: "As Plaintiffs have argued in their Response To the Vandalia Defendants' Motion for Judgment on the Pleadings, they are not required to file an Affidavit of Merit in this Federal Court case. (See Dkt. # 18, PageID 441-443)…."  (ECF # 27, Notice of Filing, etc., PageID 529).  As such, Plaintiffs' "Notice" is actually a sur-reply.  Sur-replies are prohibited without "leave of court for good cause shown." S.D.Ohio Civ.R. 7.2(a)(2).  Plaintiffs neither requested leave of Court nor the Defendants' consent, *supra*.  The Court, therefore, should strike Plaintiffs' Affidavit of Merit.

      C.     <u>Plaintiffs Filed Their Affidavit of Merit Out-of-Time.</u>

Contrary to the Plaintiffs' contention that "Ohio Civil Rule 10(D)(2) does not apply as it is procedural in nature," (ECF # 27, Notice of Filing, etc., PageID 529), this Court holds otherwise.  "It is well-established throughout Ohio federal courts that the affidavit of merit requirement is state substantive law."  *Kelley v. Mercy Health-Fairfield Hosp., LLC*, No. 1:18-CV-290, 2018 WL 6003631, at *2 (S.D. Ohio Nov. 15, 2018) (and cases cited therein); *accord Favor v. W.L. Gore Assocs., Inc.*, No. 2:13-CV-655, 2014 WL 533804, at *4 (S.D. Ohio Feb. 11, 2014) ("Civil Rule 10(D)(2)'s 'affidavit of merit' requirement is a substantive state-law requirement that applies in federal court.")  Ohio's affidavit of merit requirement goes to the adequacy of the complaint.  *Davis v. United States*, 302 F. Supp. 3d 951, 956 (S.D. Ohio 2017) (citing *Troyer v. Janis*, 971 N.E.2d 862, 863 (Ohio 2012)).  Therefore, the requirements for filing

the affidavit are substantive – not procedural.  *See Favor*, 2014 WL 533804, at *4 (denying motion for extension to file affidavit).  When the required affidavit is not filed in compliance with Ohio Civil Rule 10(D)(2), "dismissal … without prejudice is appropriate."  *Kelley*, 2018 WL 6003631, at *3.

The Court should strike Plaintiffs' Affidavit of Merit because their filing is well beyond the deadlines established in Ohio Civil Rule 10(D)(2).  The Rule dictates that this substantive affidavit must be filed with the Complaint, Ohio R.Civ.P. 10(D)(2)(a), or the request for an extension must be filed with the Complaint, Ohio R.Civ.P. 10(D)(2)(b).  Plaintiffs filed neither with their initial Complaint, (ECF # 2), nor with their First Amended Complaint, (ECF # 3).  Furthermore, the Rule states that if the affidavit is filed, it must pertain to "the complaint or amended complaint *in which claims are first asserted against that defendant*…."  Ohio R.Civ.P. 10(D)(2)(e) (emphasis added).  The Plaintiffs first asserted medical claims and derivative claims against these Defendants in their initial Complaint, (*e.g.*, ECF # 2, PageID 303-05), yet did not attach an Affidavit of Merit or include a request for an extension.  Similarly, Plaintiffs asserted medical and derivative claims against these Defendants in their First Amended Complaint, (*e.g.*, ECF # 3, PageID 322-25), but did not include an affidavit or extension request.  Plaintiffs were out-of-time when they failed to meet the Rule's requirements with regard to their original Complaint and certainly by the time the failed to comply with the Rule with regard to their First Amended Complaint.  Because the Plaintiffs blatantly flout Ohio Rule 10(D) with their unilateral filing without consent or leave of Court, the Court should strike their tardy Affidavit of Merit.

### III.   CONCLUSION

Therefore, for the reasons stated herein, the Butler Township and Vandalia Defendants respectfully request that the Court strike the Plaintiffs' Affidavit of Merit, (ECF # 27-1).

Respectfully submitted,

/s/ Dawn M. Frick
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Katherine L. Epling (0091577)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
kepling@sdtlawyers.com
*Trial Attorneys for Defendants Chris Batz, Brent Gallup, Butler Township Board of Trustees, Mike Lang, Kenneth M. Betz, Joseph E. Flanagan, Jr. and Daniel Alig*

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Kevin A. Lantz (#0063822)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.:  (937) 222-2333
Fax:  (937) 222-1970
edowd@sdtlawyers.com
klantz@sdtlawyers.com
*Attorneys for Defendants, Anthony Miller; The City of Vandalia; Arlene Setzer, Mayor, City of Vandalia; Richard Herbst, Vice-Mayor, City of Vandalia; Bob Ahlers, Member, Vandalia City Council; Mike Blakesly, Member, Vandalia City Council; Candice Farst, Member, Vandalia City Council; David M. Gerhard, Member, Vandalia City Council; David Lewis, Member, Vandalia City Council; and Chad Follick*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2019, I electronically filed the foregoing with the Clerk of the Court by using the ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)