IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LYNNE GOODEN, et al., :
    Plaintiffs,
    v. : Case No. 3:18-cv-302
CHRIS BATZ, et al., : JUDGE WALTER H. RICE
    Defendant. :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. #28), DOC. #28-2 TO BE FILED WITHOUT DOCS. ##28-3, 28-4, 28-5, 28-6, 28-7 AND 34-1 AS EXHIBITS; DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS (DOCS. ##14 AND 15) OVERRULED AS ULTIMATELY MOOT, WITHOUT PREJUDICE TO REFILING ONCE PLAINTIFFS FILE THEIR SECOND AMENDED COMPLAINT

---

Plaintiffs' First Amended Complaint, filed in this Court on September 10, 2018, concerns injuries sustained by Terrell Gooden following an automobile accident on August 6, 2016, in Montgomery County, Ohio. Doc. #3. Plaintiffs are Lynne Gooden, on behalf of herself and as guardian of Terrell Gooden; Stacy Carroll, as parent and natural guardian of Kiearra, Madison, and Dezmond Carroll; and Staci Sampson, as parent and natural guardian of Mya Sampson. *Id.*, PAGEID#320. The Complaint names a total of 19 defendants: 15 defendants in their individual and/or official capacities from either Butler Township in Montgomery County, Ohio, or the City of Vandalia, Ohio, along with the Butler

Township Board of Trustees, the City of Vandalia, the State of Ohio, Department of Medicaid f/k/a Job and Family Services ("State of Ohio"), incorrectly named as "Ohio Department of Job and Family Services Tort Recovery," and "Jane and John Does who may be liable to Plaintiff but whose names are unknown." *Id.* PAGEID##320 and 321.[1]

Presently before this Court is a Motion for Judgment on the Pleadings filed by the Vandalia Defendants, Doc. #14 and a Motion for Judgment on the Pleadings filed by the Butler Township Defendants, Doc. #15. Memoranda opposing each of these motions were filed by Plaintiffs, Docs. ##18 and 19, respectively, and the Vandalia and Butler Township Defendants have filed replies, Docs. ##23 and 26.

Also, before this Court, is Plaintiffs' Motion for Leave to file a Second Amended Complaint ("Motion"), Doc. #28. The Vandalia and the Butler Township Defendants have filed a joint response opposing Plaintiff's Motion, Doc. #33, and Plaintiffs have filed a Reply. Doc. #34.

---

[1] Defendants, other than the State of Ohio and the unidentified Jane and John Does, named in the Amended Complaint are divided into two groups: the "Vandalia Defendants" and the "Butler Township Defendants." The "Vandalia Defendants" consist of the following Defendants: Anthony Miller ("Paramedic Miller"); The City Of Vandalia ("City" or "Vandalia"); Arlene Setzer, Mayor, City of Vandalia; Richard Herbst, Vice-Mayor, City of Vandalia; Bob Ahlers, Member, Vandalia City Council; Mike Blakesly, Member, Vandalia City Council; Candice Farst, Member, Vandalia City Council; David M. Gerhard, Member, Vandalia City Council; David Lewis, Member, Vandalia City Council (collectively, "Vandalia Elected Officials"); and Chad Follick ("Chief Follick"). The "Butler Township Defendants" consist of the following Defendants: Chris Batz; Brent Gallup; the Butler Township Board of Trustees; Mike Lang; Kenneth M. Betz; Joseph E. Flanagan, Jr.; and Daniel Alig.

2

Because of Plaintiffs' Motion, any ruling on the merits of the motions for judgment on the pleadings, Docs. ##14 and 15, which relates to Plaintiffs' First Amended Complaint, would be an inefficient use of judicial resources when said motions are likely to become moot if Plaintiffs' Motion is sustained. Accordingly, the Court will first consider Plaintiffs' Motion.

**I. Background Facts**

The First Amended Complaint ("Complaint") alleges that at approximately 4:06 a.m., Terrell Gooden was involved in a motor vehicle accident on Interstate 75 when his vehicle collided with the rear of a tractor-trailer. Doc. #3, PAGEID#321. When the Vandalia Fire Department and Butler Township Fire Department arrived at the scene, Terrell Gooden was "partially ejected from the passenger side window" and unconscious. *Id.*, PAGEID#322. The Complaint further alleges that "[T]here was one hour and sixteen minutes during which Gooden received no treatment and suffered a lack of oxygen for that period of time which should have been addressed by the Defendants, jointly and severally, and was not." *Id.* As a result of this accident, the "Miami Valley Hospital diagnosed Gooden with severe brain injury, avulsion of scalp, facial lacerations, and other permanently disabling conditions." *Id.*

Answers to the Complaint were filed by the Vandalia Defendants and Butler Township Defendants, Docs. ##5 and 6, respectively, with an Answer and Cross-Claim against the Vandalia and Butler Township Defendants filed by the State of

3

Ohio, Department of Medicaid. Doc. #7. Answers were filed by the Vandalia and Butler Township Defendants to the Cross-Claims.

Plaintiffs' Motion contends that Kierra Carroll, presently identified in the Complaint as a minor, must be added as a Plaintiff in her own right. Plaintiffs also assert that they have discovered additional facts and information that are "directly relevant to several claims." Doc. #28, PAGEID#538. The "facts and information" primarily concern Defendant EMS Captain Christopher Batz, as well as additional information regarding the "procedures, protocols and standards that emergency medical personnel are trained in and required to follow in performing their official duties..." *Id.* Finally, Plaintiffs seek leave to amend their complaint in order to assert a "federal constitutional right to life-sustaining care" which is allegedly based, in part, on the Patient Protection and Affordable Care Act, 42 U. S. C. § 18001. *Id.*, PAGEID#540.

Plaintiffs' Motion, Doc. #28, also includes nine exhibits. One of these, Exhibit 2, is the proposed Second Amended Complaint, Doc. #28-2, PAGEID#555. The other eight exhibits, which are identified in both the Motion as well as the Reply, Doc. #34, are exhibits referenced in the proposed Second Amended Complaint.[2] The documents, which Plaintiffs propose to include as exhibits to their

---

[2] Defendants' Joint Memorandum Contra Motion for Leave to Amend, Doc. #33, PAGEID#823, n. 3, states that "Plaintiffs' citations to various exhibits in their proffered pleading are, at best, confusing." Plaintiffs' Reply agreed with Defendants on this issue and has attempted to correct and clarify the numbering of the exhibits. Doc. #34, PAGEID#847. In order to prevent further confusion, the Court will refer to these eight exhibits by their title and docket number and not their exhibit number.

4

Second Amended Complaint, consist of the following: (1) an Affidavit of Merit by Paul Gabriel, M.D., Doc. 28-1, PAGEID#553; (2) a Butler Township Fire Department "Employee Performance Evaluation for Chris Batz," Doc.# 28-3, PAGEID#584; (3) a Butler Township Police Department "Performance Evaluation for Christopher J. Batz," Doc. #28-4, PAGEID#613; (4) the "Personnel [F]ile for Christopher Batz," Doc. #28-5, PAGEID#679; (5) a 45 page document with the case caption and entitled "Regional EMS Protocols, Procedures, and Employment Policies Defendants are Known to Have Violated " which includes "emergency service protocols and standards from the Greater Miami Valley Emergency Medical Services Council Code of Regulations," Doc. #28-6, PAGEID#748; (6) a report letter from The Flexman Myers Clinic, Doc. #28-7, PAGEID#805; (7) the "State of Ohio Emergency, Medical, Fire, and Transportation Services Board, Regional Physicians Advisory Board Emergency Medical Services Adult Guidelines and Procedures Manual," Doc. #34-1, PAGEID##860-989; and (8) the Montgomery County Probate Court Appointment Entry of Lynne Gooden as Guardian of Terrell Gooden, Doc. #34-2, PAGEID##1062-1065.

The Vandalia and Butler Township Defendants oppose the filing of the Second Amended Complaint arguing that (1) Plaintiffs violated the letter and spirit of S.D. Ohio Civ. R. 7.3 by failing, "in good faith," to obtain consent prior to the filing of the Motion; (2) Plaintiffs filed their Motion more than five months following the Rule 26(f) report; and (3) the proposed complaint is futile "for many of the same reasons set forth in the Butler Township Defendants' and Vandalia

5

Defendants' respective Motions for Judgment on the Pleadings..." Doc. #33, PAGEID#828. Defendants also argue that the eight proposed exhibits are either untimely, Affidavit of Merit, Doc. 28-1, or fail to comport with Fed. R. Civ. P. 10(c) and should be stricken pursuant to Fed. R. Civ. P Rule 12(f): Doc. #28-3 (Butler Township Fire Department "Employee Performance Evaluation for Chris Batz"); Doc.#28-4 (Butler Township Police Department "Performance Evaluation for Christopher J. Batz"); Doc. 28-5 ("Personnel [F]ile for Christopher Batz"); Doc. 28-6, ("Regional EMS Protocols, Procedures, and Employment Policies"); Doc. 28-7 (Flexman Myers Clinic report letter); and Doc. #34-1("State of Ohio Emergency, Medical, Fire, and Transportation Services Board, Regional Physicians Advisory Board Emergency Medical Services Adult Guidelines and Procedures Manual")[3]

**II. Legal Analysis**

    **A. Rule 15(a)(2)**

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading after a previous amendment only with the opposing party's written consent or with leave of the court. "The court should freely give leave when justice so requires." *Id*. If, however, "the court concludes that the pleading as amended could not withstand a motion to dismiss," the motion to amend may be denied for futility. *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767

---

[3] Defendants do not object to the Montgomery County Probate Court Appointment Entry of Lynne Gooden as Guardian of Terrell Gooden, Doc. # 34-2, as an exhibit.

(6th Cir.2005) (leave to amend denied where the pleading consisted of conclusory allegations of agency without factual support) (citations omitted). In addition to considering the futility of the proposed amendment, the court must also consider prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Vandalia Defendants' and Butler Township Defendants' first argument in opposition to Plaintiffs' Motion is that Plaintiff did not exhibit "good faith" compliance with S.D. Ohio Civ. R. 7.3. Specifically, Defendants contend that Plaintiffs failed to provide a proposed copy of the Second Amended Complaint to Defendants prior to Plaintiffs' filing of their Motion. While such a copy would ordinarily be expected to be provided by a plaintiff in order to obtain consent for leave to amend, Plaintiffs have responded that the Second Amended Complaint had not been prepared and that the call to Defendants' counsel, pursuant to S.D. Ohio Civ. R. 7.3, was "both to comply with the local rule as well as a courtesy." Doc. #34, PAGEID#842. Plaintiffs have, as required, provided the proposed Second Amended Complaint as an exhibit with their Motion. Doc. #28-2 *Roskam Baking Co., Inc. v. Lanthan Machinery Co., Inc.*, 288 F.3d 895, 906-907 (6th Cir. 2002) (no abuse of discretion in failing to grant leave to amend complaint where plaintiff fails to provide a proposed amended complaint). Although S.D. Civ. R. 7.3 is vigorously enforced in order to obtain cooperation among counsel in management of cases, *Buckhorn, Inc. v. Orbis Corp.* No. 3:08-cv-459, 2010 WL 4918775 (S.D. Ohio Nov. 27, 2010), based on the unique circumstances of this case, the Court does not find a violation of this local rule.

Defendants next argue that Plaintiffs' Motion is untimely since it was filed more than five months following the Rule 26(f) report and even though no scheduling order had been filed, Defendants assert that "the parties stipulated that November 5, 2018, was the deadline 'for filing any motion to amend the pleadings and/or to add additional parties...'" Doc. #33, PAGEID#821, citing Doc. #13, PAGEID#379. This argument, however, is also not well taken since Plaintiffs have argued that there are "newly discovered facts" concerning Defendants Batz and Miller that necessitate the filing of a Second Amended Complaint and Defendants have not argued that any prejudice exists due to Plaintiffs' failure to comply with the deadlines as agreed to in the Rule 26(f) report. Accordingly, the Court does not find the Motion untimely.

Defendants final argument is that any amendment of the Complaint is futile. In making this argument, Defendants rely, in part, on their previously filed motions for judgment on the pleadings, Doc. ##14 and 15, and cite to *Ashcroft v. Iqbal*, 556 U.S. 662(2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Defendants also object, pursuant to Fed. R. Civ. P. 10(c) and for failure to comply with Fed. R. Civ. P. 12(f), to the eight exhibits that Plaintiffs propose to attach to their Second Amended Complaint, Doc. #28-2.

With respect to the Second Amended Complaint, the Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 83 (1962) and *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, (1971), discussed the meaning of the phrase in Rule 15(a)(2), "when justice so requires." In short, the rule is to be interpreted liberally,

and unless there is evidence of undue delay or bad faith on the part of plaintiff seeking leave to amend, the motion should be granted. *Foman*, 371 U.S. at 182. Moreover, delay coupled with demonstrable prejudice can justify a denial. *Zenith Radio Corp.*, 401 U.S. at 331. Based upon the liberal pleading standards of Rule 15 (a)(2), the early stage of these proceedings and the failure of any demonstrable prejudice, the Court sustains Plaintiffs' Motion as it pertains to the filing of Doc. #28-2, the Second Amended Complaint, and overrules, without prejudice to refiling, Defendants' motions for judgment on the pleadings, Docs. ##14 and 15.[4]

### B. Plaintiffs' Proposed Exhibits

The Court's decision to sustain Plaintiffs' Motion, however, does not mean that all of the proposed exhibits, Docs. ##28-1, 28-3, 28-4, 28-5, 28-6, 28-7, and 34-1, can be included as exhibits to the Second Amended Complaint, Doc. #28-2.

Fed. R. Civ. P. 10(c) provides that "[A]copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The Sixth Circuit has not defined the phrase "written instrument" for purposes of Rule 10(c). Black's Law Dictionary (11th ed. 2019), however, defines "instrument" as "[A] written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate." Other courts

---

[4] In sustaining Plaintiffs' Motion, the Court is not making a definitive finding as to whether any of the allegations in the Second Amended Complaint will be sufficient to state a claim and would survive a motion to dismiss for failure to state a claim.

have also cited to the legal dictionary definition in an effort to determine the meaning of Rule 10(c). *In re Empyrean Biosciences, Inc. Securities Litigation*, 219 F.R.D. 408, 410 (N.D. Ohio 2003) (16-page affidavit with 29 substantive paragraphs and incorporating 18 exhibits is not a written instrument as contemplated by Rule 10(c)); *Day v. DeLong*, No. 3:16-CV-00437, 2017 WL 5903761, at *7 (S.D. Ohio Nov. 30, 2017) (exhibits attached to answer consisting of written narrative reports and EMT form are "not on par with a contract, deed, will, promissory note, or other such 'written instruments' within Rule 10(c)") (Ovington, Magistrate J.), report and recommendation adopted, No. 3:16-CV-437, 2018 WL 348057 (S.D. Ohio Jan. 10, 2018) (Rose, J.).

Docs. ##28-3, 28-4, 28-5, 28-6, 28-7, and 34-1 (consisting of performance evaluations, a personnel file, an expert report letter, regional EMS protocols, procedures, employment policies and state guidelines and procedures manual), are, at best, extraneous evidentiary support and not "written instrument[s]," as defined by Rule 10(c), nor a precondition to filing suit. *Copeland v. Aerisyn, LLC*, 1:10-CV-78, 2011 WL 2181497 (E.D. Tenn. June 3, 2011) (EEOC charge is a properly attached exhibit since a precondition to filing suit as opposed to deposition testimony and witnesses notes). As such, these exhibits are not to be included as exhibits to the Second Amended Complaint.[5]

---

[5] Because Docs. ##28-3, 28-4, 28-5, 28-6, 28-7, and 34-1 will not be attached to the Second Amended Complaint as exhibits, the Court will not consider whether they are subject to a motion to strike as "redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f).

However, Doc. #28-1, the Affidavit of Merit, while not a written instrument, is a requirement that is a matter of state substantive law. *Kennedy v U.S. Veterans Admin.*, 2:11-cv-150, 2013 WL 5524686 (S.D. Ohio Oct. 4, 2013). The purpose of the affidavit of merit is "to establish the adequacy of the complaint and thus deter the filing of frivolous medical-malpractice claims." *Troyer v. Janis*, 132 Ohio St. 3d 229, 230 (citing *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St. 3d 167, 170). Accordingly, the Court will permit the filing of Doc.# 28-1 as an exhibit to the Second Amended Complaint.

### III. Conclusion

For the reasons stated in this Decision and Entry, the Court SUSTAINS in part and OVERRULES in part Plaintiffs' Motion for Leave to File Second Amended Complaint, Doc. #28. The Second Amended Complaint, Doc. #28-2, may be filed without exhibits identified as Docs. ##28-3, 28-4, 28-5, 28-6, 28-7 and 34-1. The Motions for Judgment on the Pleadings, Docs. ##14 and 15, filed by the Butler Township Defendants and the Vandalia Defendants, are OVERRULED as ultimately moot, without prejudice to refiling once Plaintiffs file their Second Amended Complaint.

Date: July 22, 2019

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

11