IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LYNNE GOODEN, et al., | : | |
| Plaintiffs, | | Case No. 3:18-cv-302 |
| v. | : | JUDGE WALTER H. RICE |
| CHRIS BATZ, et al., | | |
| Defendant. | : | |

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
STAY (DOC. #56); OVERRULING MOTION TO STRIKE (DOC. #64)

---

This matter is before the Court pursuant to Defendants, Chris Batz, Brent Gallup, Butler Township Board of Trustees, Mike Lang, Kenneth M. Betz, Joseph E. Flanagan, Jr., Daniel Alig, Anthony Miller, the City of Vandalia, Arlene Setzer, Richard Herbst, Bob Ahlers, Mike Blakesly, Candice Farst, David Gerhard, David Lewis, and Chad Follick (collectively, "Defendants"), Motion to Stay (Doc. # 56). Defendants assert that a stay of "all discovery and other matters in this case" is necessary until such time as the Court rules on Plaintiffs' Motion to Disqualify Defense Counsel ("Motion to Disqualify"), Doc. #36, and Plaintiffs' Motion to Declare Representation of Multiple Defendants By the Firm of Surdyk, Dowd & Turner Co., LPA to be Joint, and To Limit Discovery, Cross-Examination and Peremptory Challenges; and to Substitute the Insurance Risk Pools as the Real

Parties in Interest ("Motion to Declare") Doc.#37[1]. Plaintiffs[2] filed a response to the motion to stay "and in support of the second amended complaint."[3] Doc. #63. A reply was filed by Defendants and included a motion to strike, pursuant to Fed. R. Civ. P. 12(f). Doc. #64. The motion to strike argued that Plaintiffs' response in support of the second amended complaint was an "impermissible memorandum under S.D. Ohio Civ. R. 72(a)(2)." Doc. #64, PAGEID#1383.

Defendants assert that a stay is necessary at this time since "it simply does not make sense to move forward with discovery if counsel for the Defendants is going to be disqualified or if discovery is going to be limited, combined, or other parties are going to be added, or substituted as requested by the Plaintiffs." Doc. #56, PAGEID#1336. In their response to the Motion to Stay, Plaintiffs re-argue their Motion to Disqualify or Motion to Declare and cite the Court to new cases in support of the federal claims alleged in their eighteen count Second Amended Complaint. Docs. ##63 and 67. Although Plaintiffs do ultimately agree that the case should be stayed, Doc. #63, PAGEID#1378, they condition their agreement with the caveat that the Court should "simultaneously order separate counsel for

---

[1] Plaintiffs' Motion to Declare, Doc. #37, is filed "in the alternative" to their Motion to Disqualify. Doc. #37, PAGEID#1114.

[2] According to the Second Amended Complaint, Doc. #48, Plaintiffs now consist of Lynne Gooden, individually and as guardian of Terrell D. Gooden, Kierra Carroll, Stacy Carroll as the parent and natural guardian of Madison Carroll, Stacy Carroll as the parent and natural guardian Dezmond Carroll and Staci Sampson as the parent and natural guardian of Mya Sampson.

[3] The Second Amended Complaint was filed July 25, 2019, Doc. #48.

all EMS Paramedics who examined Mr. Gooden, and separate counsel for both Vandalia and Butler Township Defendants." *Id.*

As the Sixth Circuit has clearly stated, "the success of a disqualification motion has the potential to change the proceedings entirely" and, as such, should be decided prior to any ruling on a substantive motion. *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013) (district court erred in granting summary judgment prior to ruling on motion to disqualify for conflict of interest). Additionally, it is well-established that "a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,'" *Dietz v. Bouldin*, ___U.S. ___ 136 S. Ct. 1885, 1891 (2016) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, (1962)).

Accordingly, Defendants' Motion to Stay, Doc. #56, is sustained. All discovery in this case is stayed pending determination by this Court of Plaintiffs' Motion to Disqualify and Motion to Declare, Docs. ##36 and 37.

Defendants' motion to strike the additional argument in support of the second amended complaint, Doc. #64, is overruled. The Court previously sustained Plaintiffs' request to include these additional arguments in their response at a conference call with the Court on October 10, 2019. During this same call, Defendants requested and received an extension of time to respond to any additional arguments that Plaintiffs might include in their response.

Date: December 2, 2019

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE