IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LYNNE GOODEN, et al.,            :

    Plaintiffs,              :
                                                        Case No. 3:18-cv-302

    v.                       :
                                                        JUDGE WALTER H. RICE

CHRIS BATZ, et al.,              :

    Defendant.               :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO
DISQUALIFY COUNSEL (DOC. #36) AND MOTION TO DECLARE
REPRESENTATION OF MULTIPLE DEFENDANTS BY THE LAW FIRM
OF SURDYK, DOWD & TURNER CO., LPA TO BE JOINT AND TO
LIMIT DISCOVERY, CROSS-EXAMINATION AND PEREMPTORY
CHALLENGES AND TO SUBSTITUTE THE INSURANCE RISK POOLS
AS THE REAL PARTIES IN INTEREST (DOC. #37)

---

This matter is before the Court pursuant to two motions filed by Plaintiffs, Lynne Gooden, on behalf of herself and as guardian of Terrell Gooden; Stacy Carroll, as parent and natural guardian of Kiearra, Madison and Dezmond Carroll; and Staci Sampson, as parent and natural guardian of Mya Sampson (Plaintiffs"),[1]

---

[1] Since the filing of this motion, Plaintiffs have filed a Second Amended Complaint, Doc., #48, and Kierra Carroll is now identified as a separate Plaintiff. As referenced hereinafter, "Plaintiffs" will refer to the Plaintiffs identified in the Second Amended Complaint.

and one motion filed by the Vandalia Defendants and the Butler Township Defendants (collectively, "Defendants").[2]

The first motion filed by Plaintiffs is a Motion to Disqualify Defense Counsel ("Motion to Disqualify"). Doc. #36. The Butler Defendants and Vandalia Defendants have filed a response, Doc. #42, and Plaintiffs have filed a reply, Doc. # 50.

Plaintiffs' second motion, Motion to Declare Representation of Multiple Defendants by the Law Firm of Surdyk, Dowd & Turner Co. LPA to be Joint, to Limit Discovery, Cross-Examination and Peremptory Challenges and to Substitute the Insurance Risk Pools as the Real Parties in Interest ("Motion to Declare Representation Joint"), Doc. #37, is "filed in the alternative" to the Motion to Disqualify, Doc. #36. The Butler Defendants and Vandalia Defendants have filed a response, Doc. #43, and Plaintiffs have filed a reply, Doc. #51.

---

[2] Defendants named in the Second Amended Complaint, other than the State of Ohio and the unidentified Jane and John Does, are divided into two groups: the "Vandalia Defendants" and the "Butler Township Defendants." The "Vandalia Defendants" consist of the following Defendants: Anthony Miller ("Paramedic Miller"); The City of Vandalia ("City" or "Vandalia"); Arlene Setzer, Mayor, City of Vandalia; Richard Herbst, Vice-Mayor, City of Vandalia; Bob Ahlers, Member, Vandalia City Council; Mike Blakesly, Member, Vandalia City Council; Candice Farst, Member, Vandalia City Council; David M. Gerhard, Member, Vandalia City Council; David Lewis, Member, Vandalia City Council (collectively, "Vandalia Elected Officials"); and Chad Follick, Fire Chief, City of Vandalia ("Chief Follick"). The "Butler Township Defendants" consist of the following Defendants: Chris Batz, Butler Township emergency medical squad, paramedic, firefighter and police officer ("Captain Batz"); Brent Gallup, Butler Township paramedic ("Paramedic Gallup"); the Butler Township Board of Trustees ("Township Board"); Mike Lang, Butler Township Trustee; Kenneth M. Betz, Butler Township Trustee; Joseph E. Flanagan, Jr., Butler Township Trustee; and Daniel Alig, Butler Township Fire Chief.

For the reasons set forth below, Plaintiffs' Motion to Disqualify, Doc. #36, and Motion to Declare Representation Joint, Doc. #37, are overruled.

I. Legal Analysis

A. Introduction

Plaintiffs, in their Second Amended Complaint ("Complaint"), allege that on August 6, 2016, at approximately 4:06 a. m., the Vandalia Fire Department and Butler Township Fire Department responded to a motor vehicle accident on Interstate 75. Doc. #48, PAGEID#1255. When they arrived at the scene, they found Terrell Gooden partially ejected from the passenger side window and unconscious. *Id*. The Complaint further alleges that "[T]here was one hour and sixteen minutes during which Gooden received no treatment and suffered a lack of oxygen for that period of time which should have been addressed by the Defendants, jointly and severally, and was not." *Id,* PAGEID#1257. As a result of this accident, Mr. Gooden sustained permanently disabling conditions including a severe brain injury. *Id*.

The Complaint alleges 18 causes of action. These claims are alleged against the following defendants: (1) the fire chiefs of Butler Township and Vandalia; (2) the individual firefighters and paramedics employed by the Township and the City; (2) the Township Board, along with their individual

trustees; and (3) the City, along with their mayor, vice-mayor and individual members of council.[3]

The claims alleged against Defendants Captain Batz and Paramedics Gallup (Township Defendants) and Miller (City Defendant) consist of Professional Negligence (Count 1), Exemption from Political Subdivision Immunity (Count 2), Willful, Wanton and Malicious Misconduct (Count 3), Indivisible Injury (Count 4), Abandonment (Count 5), Intentional Infliction of Emotional Distress (Count 6) and Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983 (Count 12). The claims alleged against all Defendants include Breach of Fiduciary Duty (Count 7), Violation of Public Policy (Count 8), Constructive Fraud (Count 9), Consortium (Count 14) and Fraud (Count 18).

The claims alleged against the Defendants, other than Captain Batz and Paramedics Gallup and Miller, include Joint and Several Liability/Employment Relationships (Count 10), Failure to Train, Evaluate, or Supervise (Count 11), Unconstitutional Policy, Failure to Train or Discipline under 42 U.S.C. § 1983 (Count 13) and Willful, Wanton, Reckless Hiring and Retention (Count 17).[4]

---

[3] Also named as Defendants, although not involved in these motions, are the State of Ohio and unidentified Jane and John Does.

[4] Counts 15 and 16 seek declaratory relief for the unconstitutionality of the "Tort Reform Statutes Per Se and As Applied" and "Unconstitutionality of Immunity Statutes Per Se and As Applied"

4

1. Motion to Disqualify

Plaintiffs' Motion to Disqualify asserts that because the same law firm is separately representing multiple individuals and entities in this case, with potentially adverse interests, that "several, non-waivable conflicts of interest, violating Ohio Rules of Professional Conduct 1.7, Rule 2.1, Rule 1.6, and Rule 1.1," are implicated. Doc. #36, PAGEID#1081.[5] Plaintiffs further argue that "[E]ither counsel must be disqualified, or those interests must be treated as joint[,] per Plaintiffs' subsequent motion." (Motion to Declare Representation Joint, Doc. #37). Finally, Plaintiffs request an evidentiary hearing pursuant to *Melamed v. ITT Continental Baking Co.*, 592 F.2d 290 (6th Cir. 1979).

Defendants have responded to Plaintiffs' Motion to Disqualify by asserting that while it is the same law firm representing both groups of Defendants, (Surdyk, Dowd & Turner Co., LPA ("Law Firm")), each group has separate counsel from within the Law Firm. Moreover, Defendants contend that Plaintiffs argument is speculative and is based solely on the allegations made by them in their Complaint, as opposed to any actual testimony in the case, or for that matter, based on any actual conflicts uncovered in the discovery phase of this litigation.

---

[5] Effective February 1, 2007, the Ohio Rules of Professional Conduct superseded the Code of Professional Responsibility. Although common-law precedent was previously relied upon in determining issues of attorney disqualification, the Sixth Circuit now relies primarily on the codified Rules of Professional Conduct. See *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir.2006), vacated in part on other grounds, 472 F.3d 436 (6th Cir.2007) ("applying these accepted rules will lead to greater uniformity and predictability with regard to the ethical code of conduct").

5

Finally, Defendants contend that Plaintiffs lack standing to assert a motion to disqualify.

>    2. Motion to Declare Representation Joint

In their Motion to Declare Representation Joint, Doc. #37, filed in the alternative to their Motion to Disqualify, Doc. #36, Plaintiffs seek to have the representation of the Butler Township Defendants and the Vandalia Defendants declared joint. Plaintiffs seek this declaration in order to impose certain limitations on Defendants during the discovery phase of the case as well as at trial. Specifically, Plaintiffs argue that because Defendants are "acting as one," written discovery should be served on behalf of both groups of Defendants and that deposition questioning should be conducted by one attorney who is designated as lead counsel. Plaintiffs further request that because Defendants' representation is joint, their peremptory challenges and rebuttal evidence at trial should be limited and their cross examination conducted by the lead counsel on behalf of both groups of Defendants. Doc. #37, PAGEID#1121. Finally, Plaintiffs argue that the Court should join the Miami Valley Risk Management Association ("MVRMA"), the self-insurance risk pool that insures Vandalia, and the unidentified risk pool that insures Butler Township, as real parties in interest in the case, since they are "controlling the litigation."

Defendants contend that "other than the optics" involved with one law firm representing both groups of Defendants, there is no reason why Vandalia and Butler Township Defendants cannot be jointly represented by the same Law Firm.

6

With respect to discovery, Defendants assert that each group of Defendants has served only one request on each Plaintiff and that any decisions concerning the procedure at trial is premature since, according to Defendants, it is unclear which Defendants will remain in the case at the conclusion of discovery. Finally, Defendants argue that the risk pools are providing the defense for each group of Defendants and are not controlling the litigation. As such, they should not be joined.

B. Motion to Disqualify and Rule 1.7, Ohio Rules of Professional Conduct

Plaintiffs' Motion to Disqualify argues that because the Law Firm has undertaken "separate representations of multiple parties in the same matter," Doc. #36, PAGEID#1081, a non-waivable conflict of interest exists in violation of

Rule 1.7.[6] Plaintiffs also contend that Rules, 2.1, 1.6, and 1.1 are also implicated.[7] Accordingly, the Law Firm must be disqualified. The standard for disqualification of an attorney in federal litigation has previously been summarized by this Court.

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir.1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice. *Kitchen v. Aristech Chem.*, 769 F.Supp. 254, 257 (S.D.Ohio 1991). In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir.1982).

---

[6] Rule 1.7 Conflict of interest: current clients:
(a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
(1) the representation of that client will be directly adverse to another current client;
(2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.
(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:
(1) the lawyer will be able to provide competent and diligent representation to each affected client;
(2) each affected client gives informed consent, confirmed in writing;
(3) the representation is not precluded by division (c) of this rule.
(c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:
(1) the representation is prohibited by law;
(2) the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding.

[7] Rules 2.1, exercising of independent judgment, 1.6, confidentiality of information and Rule 1.1, competent representation to a client will be discussed, as necessary, in conjunction with Rule 1.7.

> The power to disqualify an attorney from a case is 'incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession.' *Kitchen*, 769 F.Supp. at 256 (quoting *Ex Parte Burr*, 9 Wheat. 529, 22 U.S. 529, 531, 6 L.Ed. 152 (1824)). However, 'the ability to deny one's opponent the services of his chosen counsel is a potent weapon.' *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988). Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982

*Dynasty Apparel Indus. v. Rentz,* 206 F.R.D. 596, 599 (S.D.Ohio 2001), quoting *Hamerick v. Union Twp.*, 81 F.Supp.2d 876, 878 (S.D. Ohio 2000) (Spiegel, J.).

Plaintiffs assert that the Defendants' representation "will be directly adverse to another client," in contravention of Rule 1.7(1), and that the Law Firm will be unable to "carry out their duty to take appropriate action. . . because some compulsory actions for one client will necessarily be limited by the interest of other clients" which would violate Rule 1.7(2). Doc. #36, PAGEID#1082. Finally, Plaintiffs contend, citing to Comment 15 for Rule 1.7,[8] that disqualification is appropriate because of "substantial discrepancy in the clients' testimony,

---

[8] Lawyer's Responsibility to Current Clients-Same Matter

[15] In litigation. A "material limitation" conflict exists when a lawyer represents co-plaintiffs or co-defendants in litigation and there is a substantial discrepancy in the clients' testimony, incompatible positions in relation to another party, potential cross-claims, or substantially different possibilities of settlement of the claims or liabilities in question. Such conflicts can arise in criminal cases as well as civil. The potential for conflict of interest in representing multiple defendants in a criminal matter is so grave that ordinarily a lawyer should decline to represent more than one co-defendant. On the other hand, common representation of persons having similar interests in civil litigation is proper if the requirements of division (b) are met. [analogous to Model Rule Comment 23]

9

incompatible positions in relation to another party, potential cross-claims, or substantially different possibilities of settlement of claims or liabilities in question." *Id.* According to Plaintiffs, "[A]ll of these *are likely* to occur in this case." (emphasis added). *Id.*

In further support of their argument that Defendants have a conflict of interest, Plaintiffs next cite, but do not discuss, Rule 2.1, exercising of independent judgment.[9] In making this argument, Plaintiffs refer to a number of state and federal cases, the majority of which predate the 2007 adoption of the Ohio Rules of Professional Conduct, which involve criminal representation, or are from jurisdictions outside of Ohio. One case, *Sanford v. Commonwealth of Virginia*, 687 F. Supp.2d 591 (E.D. Va. 2009), however, is cited by Plaintiffs in support of the motion to disqualify and deserves further discussion.

In *Sanford*, the plaintiffs asserted claims for medical malpractice against several university doctors and nurses, as well as a separate claim against the university police department and several officers for the use of excessive force in violation of the Fourth Amendment. One defense attorney represented all the defendants in the medical malpractice claim while a second defense attorney represented all the police officers in the excessive force claim. The district court,

---

[9] Rule 2.1 Advisor. In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations, such as moral, economic, social, and political factors, that may be relevant to the client's situation.

10

in citing to the Virginia State Bar Rule of Professional Conduct entitled "Conflict of Interest," noted that the "asserted conflict must be a real one and not a hypothetical one or a fanciful one." *Id.*, at 603 (citations omitted). The court further stated that "disqualification simply cannot be based on mere speculation that 'a chain of events whose occurrence theoretically could lead counsel to act counter to his client's interests might in fact occur.'" *Id.* In sustaining the motion to disqualify, the trial judge cited to conflicting testimony of the individual police officers and the police chief and found that the expert medical reports created "significant incompatibility in position" between one doctor and the other medical professionals. *Id.* In short, the district court found that "the conflicts presented here are real" and not simply based on "judicial intuition or surmise on the part of opposing counsel." *Id.*

Although Plaintiffs have standing to raise the issue of disqualification of the Law Firm due to conflicts, *Reed Elsevier, Inc., Thelaw.NetCorp.*, 197 F.Supp.2d 1025 (Rice, Chief Judge, S.D. Ohio 2002) ("A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention"), Plaintiffs' conflict argument is not based on testimony or evidence but, instead, on speculation. In fact, Plaintiffs acknowledge as much in their motion by stating that such conflicts are "easily foreseeable," Doc. #36, PAGEID#1085, 1088, or "quite likely to lead [to conflicts]," *Id.*, PAGEID#1085, or are "likely to occur." At this time, and unlike *Sanford*, there is no discovery before the Court that demonstrates "there is a substantial

11

discrepancy in the clients' testimony, incompatible positions in relation to another party, potential cross-claims, or substantially different possibilities of settlement of claims or liabilities in question." Simply stating that it "is likely to occur" is not enough to disqualify a party's choice of counsel.[10] Although Plaintiffs contend that Defendants cannot satisfy the requirements of Rule 1.7(b), since, even with informed consent, the representation "is prohibited by law" and/or "would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding," there is nothing offered in support of this assertion other than "surmise on the part of opposing counsel." *Sanford*, 687 F. Supp.2d at 603.

Plaintiffs final argument in support of their motion concerns Rule 1.6, confidentiality of information. Although Plaintiffs cite to this Rule and assert that "circumstantial evidence already shows the two attorney groups are sharing information (as they must), and that it will inevitably lead to shifting of relative advantages between the co-Defendants," Plaintiffs provide no evidence produced in discovery to justify the "drastic step of disqualification of counsel." *Id.*

Plaintiffs have requested an evidentiary hearing on their motion to disqualify. In *General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704 (6th Cir.1982), the Sixth Circuit held that a court need not conduct an evidentiary hearing on a motion to disqualify, if the court does not need to resolve factual

---

[10]Moreover, there is no evidence before the Court that the Law Firm has not satisfied Rule 1.7(b). See, Comment 15 to Rule 1.7.

12

disputes in order to rule on that motion. In the case before this Court, no factual disputes have been raised by Plaintiffs' motion and, as such, no hearing need be held at this time.

For these reasons, Plaintiffs' motion to disqualify, Doc. #36, is overruled.

C. Motion to Declare Representation Joint, Doc. #37

In their Motion to declare Representation Joint, Plaintiffs request "[A] formal determination that Defense counsels' representation is joint, and that Defendants are in fact acting as one." Doc. #37, PAGEID#114. Plaintiffs assert that by making this determination, "It will significantly simplify the complexities involved in trying this case to designate one lead counsel, limit discovery, direct and cross-examinations, sidebars, and peremptory challenges, [with] all the same number afforded to one party or to Plaintiffs." Doc. #37, PAGEID#1114. Plaintiffs also seek to substitute, as parties' defendants, the MVRMA, the self-insurance risk pool that insures Vandalia, and the unidentified risk pool that insures Butler Township.

With respect to discovery, Plaintiffs' motion fails to provide the Court with any specifics that would justify, at this time, a limitation on discovery. The Rule 26(f) report filed by the parties agreed that interrogatories would not exceed 40 served upon any party. Doc. #13. Plaintiffs have not explained why this agreement should be changed. Defendants, on the other hand, have stated that even though Plaintiffs have named seventeen different Defendants, they have

13

attempted to limit interrogatories so that each group of Defendants, as opposed to each individual, would serve only one request on Plaintiffs. Other than repeated references to "one bite of the apple," Plaintiffs have not explained to this Court what, if any, actual abuses <u>have</u> occurred that would justify the Court to limit discovery.

Plaintiffs also seek a ruling from this Court to limit peremptory challenges of Defendants, to limit cross-examination to a designated lead attorney and to limit rebuttal testimony of Defendants. It is well-established that "[D]istrict courts retain broad discretion over '[m]atters of docket control and [the] conduct of discovery.'" *Williamson v Recovery Limited Partnership*, Case No. 2:06-cv-292, 2017 WL 1177601, *3 (S.D. Oh. March 30, 2017) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (quotation omitted); See, *White Family Companies, Inc. v. Dayton Title Agency, Inc.* 284 B.R. 238 C-3-01-481(S.D. Oh. Sept. 27, 2002) ("The Sixth Circuit will not interfere with a lower court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant."). At this relatively early stage of the case, Plaintiff's concern regarding trial procedure is premature. The Court will, if necessary, address issues of trial procedure following rulings on any dispositive motions.

Finally, Plaintiffs' motion also requests that the risk pools that insure the Vandalia Defendants and the Butler Township Defendants be joined as parties in place of Defendants. Doc. #37, PAGEID##1125-1126. This is so, according to

Plaintiffs, because the risk pools control the litigation and Ohio has a direct action statute.[11] Plaintiffs' argument, however, is not well-taken. Plaintiffs essentially seek to join Defendants' insurers prior to establishing any liability, arguing that this is somehow mandatory pursuant to the real party in interest rule in Fed. R. Civ. P. 17(a). Such action is prohibited by O.R.C. § 3929.06 which permits commencement of a civil action against an insurer only <u>after</u> a court enters a final judgment. See, *Broyles v. Bayless*, 878 F.2d 1400, 1403–04 (11th Cir.1989) ("... courts generally do not recognize these companies as real parties to an action[,] unless they have become subrogated to the rights of their insured after payment of the loss, they are defending actions brought directly against them, or when, for some reason, they must assume primary and visible control of the litigation."(citations omitted)).

Accordingly, Plaintiff's Motion to Declare Representation Joint, Doc. #37, is overruled.

II. Conclusion

For the reasons stated in this Decision and Entry, the Court OVERRULES Plaintiffs' Motion to Disqualify Defense Counsel, Doc. #36, and OVERRULES Plaintiffs' Motion to Declare Representation of Multiple Defendants by the Law

---

[11] Plaintiffs also assert that principles of estoppel and "Ohio's Tort Reform Scheme" require joinder of the risk pools. These two theories, however, are simply variations of Plaintiffs' control argument.

15

Firm of Surdyk, Dowd & Turner Co., LPA to be Joint and to Limit Discovery, Cross-Examination and Peremptory Challenges and to Substitute the Insurance Risk Pools as the Real Parties in Interest, Doc. #37.

If, however, as discovery or motion practice proceeds and new facts arise which Plaintiffs believe warrant a further review of the legal issues raised in these motions, the Court will consider any new such motions being filed and, if factual disputes need to be resolved, a hearing will be convened.


Date: April 6, 2020                               /s/ Walter H. Rice (tp - per Judge Rice authorization)
                                                  WALTER H. RICE
                                                  UNITED STATES DISTRICT JUDGE